LAW OFFICES OF RODNEY
BRIDGERS, LLLC

RODNEY P. BRIDGERS, JR. 9505
707 Richards Street, Ste. 526
Honolulu, Hawaii 96813
Telephone: (808) 536-3255
Facsimile: (808) 524-5593
rod@helpingemployeeshi.com

Attorney for Plaintiff
DAVID JARVIS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| DAVID JARVIS, | ) | CIVIL NO. |
| | ) | (Other Civil Action) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CORTEVA AGRISCIENCE, LLC; | ) | **COMPLAINT; DEMAND FOR** |
| AND CORTEVA, INC. | ) | **JURY TRIAL; SUMMONS** |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

## COMPLAINT

COMES NOW Plaintiff DAVID JARVIS ("Plaintiff") by and through his

attorney, RODNEY P. BRIDGERS, JR., and hereby complains against the above-

mentioned Defendants CORTEVA AGRISCIENCE, LLC and CORTEVA, INC., and alleges and avers as follows:

I.     JURISDICTION AND VENUE

    1.     Jurisdiction is based on the fact that this case is brought pursuant to Title VII of U.S. Civil Rights Act of 1964, as amended, 42 U.S. 2000e, et seq. . Plaintiff claims that Defendant violated his rights under this Act.

    2.     Further, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 (a). Plaintiff and Defendants are citizens of different States and the amount in controversy exceeds $75,000.00.

    3.     Plaintiff has brought additional claims under the laws of the State of Hawaii. This Honorable Court enjoys jurisdiction over the state retaliation claim as it arise under the same set of facts as the Title VII claim.

    4.     This Honorable Court has jurisdiction over Plaintiff's state law claims brough pursuant to the Hawaii Whistleblower Act; H.R.S. §378-61 et seq.

    5.     The acts, omissions, and transactions alleged herein occurred entirely within the State of Hawai'i. Pursuant to 28 U.S.C. § 1391(b), venue is therefore proper in this Court.

II.     PARTIES

    6.     Plaintiff DAVID JARVIS ("Plaintiff") is and was a citizen of the City & County of Honolulu, State of Hawai'i at all times pertinent hereto.

7. Defendant CORTEVA AGRISCIENCE, LLC ("Defendant Agriscience") is a foreign limited liability company organized under the laws of the State of Delaware with a principal place of business in the State of Indiana.

8. Defendant CORTEVA, INC. ("Defendant CI") is a foreign limited for profit corporation incorporated under the laws of the State of Delaware with a principal place of business in the State of <u>Delaware.</u>

9. Defendants Agriscience and CI Defendants are part of an integrated enterprise. This integrated enterprise will be referred to jointly as "Defendants CORTEVA."

10. At all times relevant herein, all employees or agents of Defendant's CORTEVA were acting within the course and scope of their employment and/or agency and as employees and/or agents when engaging in the conduct alleged herein.

11. Therefore, Defendants CORTEVA are directly liable for the conduct of their agents and/or employees.

12. Defendants CORTEVA are also liable under the rules and regulations of the doctrines of strict liability, respondeat superior, vicarious liability and/or agency.

13. Plaintiff complied with all conditions precedent before bringing this action.

14. Plaintiff exhausted his administrative remedies prior to filing this action.

III. STATEMENT OF FACTS

15. Defendant is a 62 year-old male of mixed ancestry.

16. Until his illegal termination on June 16, 2022, Plaintiff was employed by Defendants CORTEVA as its Safety Manager.

17. Plaintiff was supervised by Alika Napier from 2018 until Plaintiff was illegally terminated.

18. Defendants CORTEVA received numerous complaints via its Ethics line concerning discriminatory treatment of employees.

19. Plaintiff participated in Defendants CORTEVA's "investigation" of the complaints of discrimination.

20. By participating in the investigation as a witness against Defendants CORTEVA, Plaintiff opposed illegal discrimination in Defendants CORTEVA's workplace.

21. Plaintiff advised Defendants CORTEVA that Mr. Napier referred to certain employes of a different national origin as immigrants.

22. Plaintiff advised Defendants CORTEVA that Mr. Napier referred to certain employes as slaves.

23. Plaintiff advised Defendants CORTEVA that Mr. Napier used 'F-

bombs" to refer to certain employees.

24. Plaintiff advised Defendants CORTEVA that Mr. Napier exhibited physical violence against certain employees.

25. Thereafter, Plaintiff was subjected to illegal retaliation for opposing illegal discrimination in Defendants CORTEVA's workplace.

26. Other employees that had participated in the investigation were subjected to illegal retaliation.

27. By way of example, Plaintiff received an unfavorable performance evaluation by Mr. Napier for 2021.

28. Mr. Napier decided to get Plaintiff fired.

29. Mr. Napier began micromanaging Plaintiff.

30. Mr. Napier changed Plaintiff's job duties and responsibilities.

31. Mr. Napier criticized Plaintiff in front of other workers to discredit Plaintiff as a safety manager and trainer.

32. Mr. Napier isolated Plaintiff from in the workforce by telling employees to stay away from Plaintiff unless they wanted to be harassed.

33. Mr. Napier continuously berated Plaintiff for things other employee did but for which they were not berated.

34. Mr. Napier subjected Plaintiff to disparate employment conditions.

35. Mr. Napier began making false allegations against Plaintiff.

36. After each act of illegal retaliation, Mr. Napier would ask Plaintiff how testifying against him was working out.

37. Plaintiff complained of the illegal retaliation to which he was being subjected.

38. However, Defendants CORTEVA failed to investigate his complaints.

39. Defendants CORTEVA failed to take appropriate action to end the illegal retaliation to which Plaintiff was subjected.

40. Instead, Mr. Napier intensified his retaliatory campaign against Plaintiff.

41. Mr. Napier placed Plaintiff on a Performance Improvement Plan in April 20223.

42. Despite having met all the objectives in the Performance Improvement Plan, Plaintiff was fired on June 16, 2022.

43. Defendants CORTEVA have given differing pretextual reasons for terminating Plaintiff's employment.

44. Further, Plaintiff's duties were consumed by Ms. Stewart even though Ms. Stewart was not qualified to perform or familiar with Plaintiff's duties.

45. Further, Plaintiff was not offered another position with Defendant.

46. As a result of the unlawful retaliation and harassment to which Defendant subjected Plaintiff, he has suffered general and special damages in

amounts to be shown at trial and is entitled to all equitable and legal remedies and compensatory and punitive damages.

IV.   CLAIMS FOR RELIEF

**Violations of Title VII of the Civil Rights Act of 1964, as amended**

47.   Plaintiff hereby restates and incorporates by reference for all purposes as if now set forth verbatim the allegations contained in forgoing paragraphs.

48.   This fundamental provision of the Civil Rights Act of 1964 prohibited retaliation toward employees who had opposed illegal discrimination in the workplace.

49.   Relevant portions of said Act state:

SEC. 2000e-3(a). [Section 703]

" (a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, *because he has opposed any practice made an unlawful employment practice by this subchapter, or*

7

***because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." (emphasis added).***

50. Defendants CORTEVA illegally discriminated against Plaintiff after Plaintiff opposed illegal discrimination in the workplace in violation of Title VII of the Civil Rights Act of 1964, as amended.

51. Defendants CORTEVA failed to provide Plaintiff with employment conditions where he could safely work free from illegal discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

52. Defendants CORTEVA failed to take prompt, reasonable, or effective remedial action to prevent or cease the discrimination described herein in violation of Title VII of the Civil Rights Act of 1964, as amended.

53. As a result of the foregoing acts of illegal discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff suffered and continues to suffer emotional distress, humiliation, damage to his reputation, loss of income, loss of wage earning capacity, attorneys' fees and costs, and general and special damages in an amount to be proven at trial and is entitled to all equitable and legal remedies and damages including, but not limited to, all remedies allowable under Title VII of the Civil Rights Act of 1964, as amended.

## VIOLATIONS OF H.R.S. § 378

54. Plaintiff hereby restates and incorporates by reference for all purposes as if now set forth verbatim the allegations contained in forgoing paragraphs.

55. Hawaii Revised Statutes (H.R.S.) § 378-2(2) provides in pertinent part:

> "It shall be an unlawful discrimination practice:
>
> For any employer . . . to discharge, expel, or otherwise discriminate against any individual because the individual has opposed any practice forbidden by this part or has filed a complaint, testified, or assisted in any proceeding respecting the discriminatory practices prohibited under this part;

56. Following his opposition to systemic discrimination in Defendants CORTEVA's workplace, Plaintiff was subjected to unlawful retaliation.

57. Defendants CORTEVA failed to provide Plaintiff with employment conditions where he could safely work free of illegal retaliation.

58. Defendants CORTEVA failed to take prompt and effective remedial action to prevent or cease the illegal retaliation described herein.

59. As a result of the foregoing acts of illegal retaliation in violation of H.R.S. §378-2, Plaintiff has suffered humiliation, distress, damage to his reputation, loss of income, loss of wage earning capacity, and general and special

damages in an amount to be proven at trial and is entitled to all equitable and legal remedies and damages including, but not limited to, all remedies allowable under H.R.S. § 378.

## **VIOLATION OF WHISTLEBLOWER PROTECTION ACT**

60. Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

61. On multiple occasions, employees of Defendants CORTEVA engaged in unlawful practices that violated the laws of the State of Hawai'i and the United States of America.

62. Defendants CORTEVA discharged, threatened, or otherwise discriminated against Plaintiff after Plaintiff raised questions about the statutory violations.

63. Defendants CORTEVA discharged Plaintiff to conceal serious, ongoing violations of law.

64. Defendants CORTEVA discharged Plaintiff illegally before he could report the ongoing violations of law to the appropriate authorities.

65. Defendants Corteva discharged Plaintiff because it thought that he would report the violations of law to the appropriate authorities.

66. Defendants Corteva fired Plaintiff to discredit him when he went to the appropriate authorities to report the violations of law.

67. Plaintiff's discharge was in violation of H.R.S. §378-61 et seq.

68. As a direct and proximate result thereof, Plaintiff has suffered damages for injury or loss, including wage loss, general damages, and attorney's fees.

69. Plaintiff is entitled to statutory remedies under the Whistleblower Protection Act.

70. In addition, Defendants CORTEVA is subject to the imposition of fines pursuant to H.R.S. §378-65.

**PUNITIVE DAMAGES**

71. In performing all of the acts and omissions described above, Defendants COIRTEVA, through their agents, employees, and/or representatives, acted intentionally, willfully, wantonly, oppressively, or with gross negligence, and/or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, and/or with willful misconduct and/or that entire want of care which raises a presumption of a conscious indifference to the consequences of their conduct.

72. Defendants CORTEVA, individually, are therefore liable to Plaintiff for punitive damages in amounts to be proven at trial.

PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL TRIABLE ISSUES.

WHEREFORE, Plaintiff prays for Judgment against the Defendants CORTEVA, Jointly and Severally, as follows:

1. For special damages in amounts to be proven at trial.

2. For general damages in amounts to be proven at trial.

3. For punitive damages in amounts to be proven at trial.

4. For reasonable attorneys' fees and costs.

5. For further legal and equitable relief as provided for by law.

6. For all such other relief as the Court deems reasonable and proper.

DATED:   Honolulu, Hawai'i, this 26th day of September 2023.

    /s/Rodney P. Bridgers, Jr.
RODNEY P. BRIDGERS, JR.

Attorney for Plaintiff
DAVID JARVIS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| DAVID JARVIS, | ) | CIVIL NO. |
| | ) | (Other Civil Action) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CORTEVA AGRISCIENCE, LLC; AND CORTEVA, INC. | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff DAVID JARVIS, by and through his undersigned counsel, and hereby demands a trial by jury on all issues so triable.

DATED:   Honolulu, Hawai'i, this 26th day of September 2023.

 /s/ Rodney P. Bridgers. Jr.
RODNEY P. BRIDGERS, JR.

Attorney for Plaintiff
DAVID JARVIS